IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSICA HALL, AS THE REPRESENTATIVE OF THE ESTATE OF DAVID ALLAN HALL, DECEASED, Individually and on behalf of all others similarly situated | § § § § § | |
| *Plaintiff*, | § § | Civil Action No. _____ |
| v. | § § | |
| OIL STATES INTERNATIONAL, INC. AND OIL STATES ENERGY SERVICES, L.L.C. F/K/A SPECIALTY RENTAL TOOLS & SUPPLY, L.L.C. | § § § § § | JURY TRIAL DEMANDED |
| *Defendants* | § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

ORIGINAL COLLECTIVE ACTION COMPLAINT

Jessica Hall, as the Representative of the Estate of David Allan Hall, deceased, brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Potential Class Members") of Oil States International, Inc. and Oil States Energy Services, L.L.C., formerly known as Specialty Rental Tools & Supply, L.L.C. (collectively "the Oil States Defendants"), to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

I.
OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff Hall (on behalf of her late husband, David Allan Hall) and the Potential Class Members are those persons who are current and former employees of the Oil States Defendants from October 14, 2010 through the present, who worked as oil field workers.

1.3     The Oil States Defendants knowingly and deliberately failed to compensate David Hall and the Potential Class Members based on the time-and-a-half overtime formula in the FLSA by not including non-discretionary bonus payments in the calculation of the overtime rate of pay.

1.4     Therefore, the Oil States Defendants' compensation policy violates the FLSA mandate that non-exempt employees, such as David Hall and the Potential Class Members, be compensated at one and one-half times their actual regular rate of pay for each hour worked beyond forty (40) each week.

1.5     David Hall and the Potential Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Moreover, all exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

1.6     Plaintiff Hall seeks to recover, on behalf of her late husband and the Potential Class Members, all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.7     Plaintiff Hall also prays that similarly situated workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Jessica Hall ("Hall") is an individual who resides in Corpus Christi, Nueces County, Texas and is the surviving spouse of David Allan Hall. Plaintiff Hall brings suit herein as the Personal Representative of the Estate of David Allan Hall, deceased, who was employed by the Oil States Defendants within the meaning of the FLSA within this judicial district within the relevant

three-year period and at the time of his death on November 15, 2012.[1] Mr. Hall did not properly receive overtime compensation for hours worked in excess of forty (40) hours per workweek.[2]

2.2     The Potential Class Members are those current and former employees of the Oil States Defendants who were oil field workers and subjected to the same illegal pay system under which David Hall worked and was paid. These employees regularly worked in excess of forty (40) hours per workweek without being properly compensated for all overtime hours worked.

2.3     Oil States International, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Houston, Harris County, Texas. Oil States International, Inc. may be served through its registered agent for service, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

2.4     Oil States Energy Services, L.L.C. is a limited liability company duly organized under the laws of the State of Delaware, having its principal place of business located in Houston, Harris County, Texas. Oil States Energy Services, L.L.C., formerly known as Specialty Rental Tools & Supply Services, L.L.C., may be served through its registered agent for service, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

2.5     Upon information and belief, David Hall and the Potential Class Members worked for Oil States International, Inc. and/or Oil States Energy Services, L.L.C., formerly known as Specialty Rental Tools & Supply Services L.L.C., within the relevant three-year period.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.* This Court has personal jurisdiction over the

---

[1] Letters of Independent Administration naming Jessica Hall as the Personal Representative of David Allan Hall's estate are attached hereto as Exhibit "A."
[2] The written consent of Jessica Hall is attached hereto as Exhibit "B."

Oil States Defendants because the cause of action arose within this district as a result of the Oil States Defendants' conduct within this district.

3.2 Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. In addition, David Hall was residing in Nueces County, Texas at all times relevant to his employment with the Oil States Defendants. Pursuant to 28 U.S.C. § 1391, venue is proper in any division of the Southern District of Texas.

## IV.
## FLSA COVERAGE

4.1 At all times hereinafter mentioned, the Oil States Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2 At all times hereinafter mentioned, the Oil States Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3 At all times hereinafter mentioned, the Oil States Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). During the respective periods of David Hall's and the Potential Class Members' employment by the Oil States Defendants, these individuals provided services for the Oil States Defendants that involved interstate commerce. In performing the operations hereinabove described, Mr. Hall and the Potential Class Members were engaged in commerce or in the production of goods

for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Act. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a). Specifically, Mr. Hall and the Potential Class Members were employees of the Oil States Defendants who were engaged in oilfield services that were directly essential to the production of goods for the Oil States Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.4 At all times hereinafter mentioned, David Hall and the Potential Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.5 The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who were employed by Oil States International, Inc., Oil States Energy Services, L.L.C., and/or Specialty Rental Tools & Supply, L.L.C. from October 14, 2010 to the present, who were paid bonuses that were not included in the calculation of the overtime rate."

4.6 The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of the Oil States Defendants, and their related and affiliated entities.

## V.
## FACTS

5.1 The Oil States Defendants are diversified oilfield service companies with locations across the country and around the world. They are a leading supplier of a broad range of services to the oil and gas industry, including production-related rental tools, workforce accommodations and logistics, oil country tubular goods distribution, hydraulic workover services, and land drilling services. The Oil States Defendants offer these services to all of the major and independent operators and oilfield service providers across the country and around the world.

5.2 Oil States Energy Services L.L.C f/k/a Specialty Rental Tools & Supply ("STS") alone has twenty-seven locations across ten states in the United States and three locations in Mexico.[3]

5.3 David Hall was employed by the Oil States Defendants from approximately August 2011 until November 15, 2012. He received a guaranteed salary for the first forty (40) hours worked in a workweek. However, the vast majority of his compensation came in the form of non-discretionary bonuses that were paid to him on an hourly basis for all hours worked in excess of forty (40) hours in a workweek.[4] Specifically, if Mr. Hall was called out on a job and worked as a "helper," he would receive a non-discretionary bonus of $20.00 per hour. If Mr. Hall got called out on a job as an "operator," he would receive a non-discretionary bonus of $25.00 per hour.

5.4 The non-discretionary bonuses paid to David Hall and the Potential Class Members were meant to encourage and motivate Mr. Hall and the Potential Class Members to work harder and to reward them for their hard work.

5.5 The non-discretionary bonuses were based upon a pre-determined formula established by the Oil States Defendants. Moreover, specific criteria had to be met in order to receive the bonuses. When Mr. Hall and the Potential Class Members met the criteria, they were entitled to receive the bonuses.

5.6 The bonus money constituted a significant portion of the employees' compensation, sometimes as much as $4,825.00 per bi-weekly pay period.

5.7 Although the Oil States Defendants paid overtime for work in excess of forty (40) hours per week, they failed to include the non-discretionary bonus amounts in the employees' regular rates of pay when calculating their employees' overtime rates. By not including this sum in

---

[3] A list of STS locations is attached hereto as Exhibit "C" and is also available on their company website at http://72.250.203.184/locations.asp.
[4] *See* Payroll Check of David Allan Hall, attached hereto as Exhibit "D."

the regular rate of pay, the Oil States Defendants artificially deflated the true regular rate and thereby paid substantially less overtime (if any) than required by the FLSA.

  5.8  Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses should have been included in the employees' regular rates of pay before any and all overtime multipliers were applied.

## VI.
## CAUSES OF ACTION

**A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

  6.1  The Oil States Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

  6.2  Moreover, the Oil States Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Mr. Hall and other similarly situated employees overtime compensation. The Oil States Defendants knew or should have known their pay practices were in violation of the FLSA. The Oil States Defendants employ thousands of employees across the country and around the world. The Oil States Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA. David Hall and the Potential Class Members, on the other hand, are (and were) unsophisticated laborers who trusted the Oil States Defendants to pay according to the law. The decision and practice by the Oil States Defendants to not include the non-discretionary bonus payments in the regular rate of pay when calculating overtime was neither reasonable nor in good faith.

6.3     Accordingly, Plaintiff Hall and the Potential Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.4     On behalf of all those who are (or were) similarly situated to David Hall, Plaintiff Hall files this as a collective action pursuant to 29 U.S.C. § 216(b).

6.5     Other similarly situated employees have been victimized by the Oil States Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.[5]

6.6     The Potential Class Members are "all current and former employees who were employed by Oil States International, Inc., Oil States Energy Services, L.L.C., and/or Specialty Rental Tools & Supply, L.L.C. from October 14, 2010 to the present, who were paid bonuses that were not included in the calculation of the overtime rate," and were subjected to the same illegal pay system under which David Hall worked and was paid.

6.7     The Oil States Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Potential Class Members. Thus, the David Hall's experiences are typical of the experiences of the Potential Class Members.

6.8     The specific job titles or precise job requirements of the various Potential Class Members does not prevent collective treatment. All of the Potential Class Members, regardless of their specific job titles, precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  Accordingly, the class of similarly situated plaintiffs is defined as:

---

[5] The Affidavit of Jessica Hall is attached hereto as Exhibit "E."

**ALL CURRENT AND FORMER EMPLOYEES WHO WERE EMPLOYED BY OIL STATES INTERNATIONAL, INC. AND/OR OIL STATES ENERGY SERVICES, L.L.C. F/K/A SPECIALTY RENTAL TOOLS & SUPPLY, L.L.C., FROM OCTOBER 14, 2010 THROUGH THE PRESENT, WHO WERE PAID BONUSES THAT WERE NOT INCLUDED IN THE CALCULATION OF THE OVERTIME RATE**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff Hall respectfully prays for judgment against the Oil States Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring the Oil States Defendants to provide the names, addresses, and telephone numbers of all potential collective action members;

b. For an Order approving the form and content of a Notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff Hall (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding the Oil States Defendants liable for unpaid back wages due to Plaintiff Hall (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff Hall (and those who have joined in the suit);

e. For an Order awarding Plaintiff Hall (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff Hall (and those who have joined in the suit) attorneys' fees;

   g. For an Order awarding Plaintiff Hall (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   h. For an Order compelling the accounting of the books and records of the Oil States Defendants; and

   i. For an Order granting such other and further relief as may be necessary and appropriate.

       Respectfully submitted,

       */s/ Craig M. Sico*
       Craig M. Sico
       Federal I.D. No. 13540
       Texas Bar No. 18339850
       SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
       802 N. Carancahua, Suite 900
       Corpus Christi, Texas 78401
       Telephone: 361/653-3300
       Facsimile: 361/653-3333

       **LEAD ATTORNEY IN CHARGE FOR**
       **PLAINTIFF HALL AND CLASS MEMBERS**

OF COUNSEL:

Roger S. Braugh, Jr.
Federal I.D. No. 21326
Texas Bar No. 00796244
Clif Alexander
Federal I.D. No. 1138436
Texas Bar No. 24064805
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Telephone: 361/653-3300
Facsimile: 361/653-3333

James H. Hada
Federal I.D. No. 11527
Texas Bar No. 08671050
SICO, WHITE, HOELSCHER, HARRIS & BRAUGH L.L.P.
Three Riverway, Suite 1910
Houston, Texas 77056
Telephone: 713/465-9944
Facsimile: 888/521-5576